UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY LAGRANDEUR,

    Plaintiff,

v.                                                  Case No. 2:24-cv-395-JLB-KCD

GRANT, ROMERRO, and BATES,

    Defendants.
_____/

**ORDER OF DISMISSAL**

Plaintiff Jeffrey Lagrandeur, a prisoner of the Florida Department of Corrections, initiated this action by filing a *pro se* civil rights complaint and a motion for leave to proceed as a pauper. (Doc. 1; Doc. 2)[1] At the Court's direction, he filed an amended complaint on August 16, 2024. (Doc. 13.) After reviewing the amended complaint, the Court ordered Plaintiff to show cause why his case should not be dismissed for abuse of the judicial process because he did not disclose all of his prior state and federal cases, as required on the complaint form. (Doc. 15.) Plaintiff responded to the order to show cause. (Doc. 16.).

For the reasons set forth in this Order, Plaintiff's complaint will be dismissed without prejudice to filing a new civil action in which he provides the Court with his complete litigation history.

_____

[1] The Court liberally construed the complaint as raising claims of excessive force, retaliation, and conditions of confinement against the three defendants.

## I.  Background

On April 29, 2024, Plaintiff initiated this action under 42 U.S.C. § 1983. (Doc. 1.)  Section Eight of the complaint form questioned Plaintiff about his prior lawsuits.  (Id. at 13–14.)  Plaintiff identified Middle District of Florida case number 2:22-cv-524-JLB-KCD as a case "dealing with the same facts involved in this action."  (Id. at 14.)  When asked (in a separate question) to describe each lawsuit that he filed "in state or federal court otherwise relating to the conditions of [his] imprisonment," Plaintiff identified only MDFL case number 2:22-cv-472-SPC-KCD.  (Id. at 15.)  Plaintiff acknowledged on the complaint's signature page that he was subject to Rule 11 of the Federal Rules of Civil Procedure.  (Id. at 16.)  After initial screening, the Court ordered Plaintiff to file an amended complaint.. (Doc. 10.)  Section Eight of the amended (and slightly different) complaint form required Plaintiff to describe "any other lawsuits [filed] in state or federal court while [] confined."  (Doc. 13 at 12.)  Plaintiff identified (and described) three cases in Middle District of Florida: 2:24-cv-333-SPC-KCD, 2:24-cv-559-JLB-NPM, and 2:24-cv-396-JLB-NPM.  (Id.)  Plaintiff did not identify another case from the Northern District of Florida: 4:21-cv-294-MW-MAF, nor several others filed in the Middle District of Florida: 2:21-cv-564-JLB-NPM, 2:22-cv-472-SPC-KCD, 2:22-cv-524-JLB-KCD, 2:22-cv-569-SPC-NPM, 2:22-cv-583-JLB-KCD, 2:24-cv-668-SPC-NPM, or 2:24-cv-684-SPC-NPM, all of which were filed before the amended complaint.  Nor did Plaintiff identify Eleventh Circuit case number 22-13797. Once again, Plaintiff acknowledged on the amended complaint's signature page that he was subject to Rule 11 of the Federal Rules of Civil Procedure.  (Id. at 13.)

The Court ordered Plaintiff to show cause why he should not be subject to sanctions, including, but not limited to, the dismissal of the instant case without prejudice due to his failure to honestly apprise the Court of his litigation history (Doc. 15.)  In his response to the order to show cause, Plaintiff states that he "did not lie to the Court."  (Doc. 16 at 1.)  He asserts that he did not include the prior lawsuits because he "misunderstood and thought the Court was asking how many lawsuits [he] filed that were related or close in that nature."  (Id.)

## II.  Discussion

Providing false information to the court is, in  and of itself, a valid ground for dismissing a complaint.  See Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011)(prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action).[2]  In Redmon, the Eleventh Circuit affirmed the district court's

---

[2] **Error! Main Document Only.**A raft of other persuasive Eleventh Circuit cases say the same thing.  See, e.g., Kendrick, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); Rickerson v. Sec'y, Fla. Dep't of Corr., No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding that dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions relating to his incarceration or conditions of confinement); Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); Shelton v. Rohrs, 406 F. App'x 340, 340-41 (11th Cir. 2010) (upholding district court's dismissal noting that "[e]ven if [Plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation and holding that "the district court was correct to conclude that to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); Jackson v. Fla.

dismissal of a complaint based upon the plaintiff's misrepresentation of his litigation history, noting abuse of the judicial process. Id. at 225. The court explained that under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." Id. (citing Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). The Eleventh Circuit further explained that a district court may impose sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure if a party knowingly files a pleading that contains false contentions, and although *pro se* pleadings are held to less stringent standards, "a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." Redmon, 414 F. App'x at 226 (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). Finding no abuse of discretion, the court noted that the plaintiff had failed to disclose a prior lawsuit but was afforded an opportunity to show cause as to why his complaint should not be dismissed. The Eleventh Circuit affirmed the district court's conclusion "that Plaintiff's explanation for his failure to disclose the [lawsuit]—that he misunderstood the form—did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction." Id. at 226.

      Here, Plaintiff's explanation for his failure to reveal his prior cases is not credible. He asserts that he thought he only had to reveal related cases, even though the complaint form clearly asked whether he had brought <u>any</u> other lawsuits in state or federal court while confined. This question was neither

---

Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); Young v. Secretary Fla. for Dept. of Corr., 380 F. App'x 939 (11th Cir. 2010) (same).

4

ambiguous nor unclear. Underscoring the implausibility of the explanation is the fact that Plaintiff identified completely different cases in his original (but virtually identical) complaint yet did not list those cases on his amended complaint.

Although Plaintiff argues that he did not lie, his statement is precisely the manipulative tactic eschewed by Redmon and its progeny. Plaintiff is not a novice litigator; a review of the PACER Case Locator shows that he has filed at least thirteen cases in federal court. He is aware of his duty to follow the rules. And Rule 11 forbids lying in pleadings filed with the Court. See Fed. R. Civ. P. 11(b); Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006) ("Rule 11 forbids lying in pleadings, motions, and other papers filed with the court[]"); Kendrick, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

Therefore, the Court finds that Plaintiff purposefully misled the Court regarding his litigation history. If misrepresentations on a complaint form are not met with consequences (i.e., sanctions), the duty of candor required under Rule 11 would be meaningless. Rule 11(b)(4) commands that "[a] sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Because Plaintiff is incarcerated and proceeding *in forma pauperis*, he is unlikely to be able to pay a monetary sanction. Moreover, the actions about which Plaintiff complains occurred in 2022. Therefore, a dismissal without prejudice will not preclude him from re-filing the case. Accordingly, the Court finds that the appropriate sanction for Plaintiff's lack

of candor is a dismissal without prejudice to Plaintiff filing a new case that discloses all of his prior litigation.

### III.   Conclusion

Plaintiff did not truthfully disclose his prior cases as required by the explicit instructions on the civil rights complaint form, and he has not offered any persuasive explanation for his lack of candor.   Plaintiff's failure to fully disclose his previous lawsuits constitutes an abuse of the judicial process.   See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).   An appropriate sanction for such abuse of the judicial process is the dismissal of the complaint without prejudice.   Id.

ACCORDINGLY, it is hereby **ORDERED**:

1. This case is **DISMISSED without prejudice** for abuse of the judicial process.

2. The **Clerk of Court** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on September 17, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   FTMP-2
Copies: Jeffrey Lagrandeur